EXHIBIT 10

| | |
|---|---|
| Aleksej Gubarev, XBT Holding S.A., and Webzilla, Inc. | ) |
| Plaintiffs, | ) |
| | ) Case No. 17-cv-60426-UU |
| v. | ) |
| | ) |
| Buzzfeed, Inc. and Ben Smith, | ) |
| | ) |
| Defendants. | ) |

## OBJECTIONS OF FUSION GPS TO RULE 45 SUBPOENA FOR DOCUMENTS ISSUED BY ALEKSEJ GUBAREV, XBT HOLDING SA, AND WEBZILLA, INC.

Pursuant to Rule 45(d)(2)(B) of the Federal Rules of Civil Procedure, Fusion GPS ("Fusion") states its objections to the command contained within the Subpoena to Testify At A Deposition In A Civil Action ("Subpoena"), issued by Plaintiffs in the above-captioned matter, that Fusion produce documents in response to the requests listed in the Revised Schedule B ("Schedule B") at the deposition noted for September 6, 2017 at 9:30 a.m.  The General and Specific Objections are as follows:

## Objections to the Definitions and General Objections to the Documents Requested

1.     Fusion objects to the Definitions contained in Schedule B, and any implied or express definition or direction in the Document Requests, that impose or seeks to impose discovery obligations that are broader than or inconsistent with the Federal Rules of Civil Procedure.

2.     Fusion objects to the Definition contained in Schedule B of "Fusion GPS" as including "agents, contractors and freelancers."  Fusion will not respond to the Document Requests contained in Schedule B on behalf of any "agents, contractors [or] freelancers."  In particular, Fusion is not responding to Schedule B on behalf of Christopher Steele or Orbis

Business Intelligence LTD who Plaintiffs have sued in England, nor is Fusion responding on behalf of its attorneys or any other agent.

3.      Fusion objects to the Document Requests contained in Schedule B to the extent they seek documents or information already in Plaintiffs' possession, including but not limited to documents or information that has already been provided by the Defendants in this case or by Orbis Business Intelligence LTD and Christopher Steele in the High Court of Justice, on the basis that seeking discovery of documents or information already in Plaintiffs' possession constitutes an undue burden or expense on Fusion in violation of Rule 45(d)(1).

4.      Fusion objects to the Document Requests contained in Schedule B to the extent they seek documents or information that is cumulative or duplicative of information already in Plaintiffs' possession.

5.      Fusion objects to the Document Requests contained in Schedule B to the extent they seek documents or information that could be obtained from the parties in the litigation, rather than from Fusion, a nonparty.

6.      Fusion objects to the Document Requests contained in Schedule B to the extent they seek documents or information that are not proportional to the needs of the underlying case within the meaning of Federal Rules of Civil Procedure 26(b)(1).

7.      Fusion objects to the Document Requests contained in Schedule B to the extent they are overbroad, unduly burdensome, and/or seek documents not relevant to any party's claim or defense.

8.      Fusion objects to the Document Requests contained in Schedule B to the extent they request documents or information not within Fusion's custody, control or possession.

9.      Fusion objects to the Document Requests contained in Schedule B as seeking documents and information for use in foreign proceedings, including but not limited to the claim filed in the High Court of Justice in February 2017 by Plaintiffs against Orbis Business Intelligence LTD and Christopher Steele, rendering the subpoena improper under Federal Rule of Civil Procedure 45 as an improper attempt to circumvent the evidence-gathering process in the foreign proceedings.

**<u>Specific Objections</u>**

**Request 1:  The December Memo, in its unredacted form.**

**Objections:**  Fusion incorporates herein by reference the foregoing General Objections.  Fusion specifically objects to the Request on the following grounds.

<u>First</u>, Fusion objects to the Document Request as seeking a document that is not relevant to any party's claim or defense.  The allegedly defamatory publication was the December Memo in its redacted form.   Accordingly, any unredacted version, if such a version exists, is not relevant to Plaintiffs' claim.   Furthermore, the redaction may protect information that could identify a confidential source.  The identity of the source is not relevant to Plaintiffs' claim.

<u>Second</u>, Fusion further objects to the Document Request as calling for the production of information which could lead to the disclosure of the identity of a confidential source, which could endanger that source's physical safety.  Such discovery should not be permitted under Rule 26 and/or Rule 45.

<u>Third</u>, Fusion further objects to the Document Request as calling for the production of a document protected by the First Amendment to the United States Constitution, including but not limited to, the rights of Fusion and/or its clients to engage in political activity or political speech, to speak anonymously, to associate freely with others, and to petition the government.

Fourth, Fusion further objects to the Document Request as calling for the production of a document protected by an informant's privilege and/or by other legal or contractual duties of confidentiality and non-disclosure owed by Fusion to a third party.

**Request 2:  All documents concerning Aleksej Gubarev.**

**Objections:** Fusion incorporates herein by reference the foregoing General Objections.  Fusion specifically objects to the Request on the following grounds.

First, Fusion objects to the Document Request as overly broad, unduly burdensome, and not relevant to any party's claim or defense.  The Request is unlimited in time, does not reference the Trump Dossier or the December Memo, is not otherwise connected to any matter at issue in the lawsuit, and violates Rule 45(d)(1).

Second, Fusion further objects to the Document Request as calling for the production of a document protected by the First Amendment to the United States Constitution, including but not limited to, the rights of Fusion and/or its clients to engage in political activity or political speech, to speak anonymously, to associate freely with others, and to petition the government.

Third, Fusion further objects to the Document Request as calling for the production of information which could lead to the disclosure of the identity of a confidential source, which could endanger that source's physical safety.  Such discovery should not be permitted under Rule 26 and/or Rule 45.

Fourth, Fusion further objects to the Document Request as calling for the production of a document protected by an informant's privilege and by other legal or contractual duties of confidentiality and non-disclosure owed by Fusion to a third party.

**Request 3:  All documents concerning XBT Holdings, S.A.**

**Objections:** Fusion incorporates herein by reference the foregoing General Objections.  Fusion specifically objects to the Request on the following grounds.

First, Fusion objects to the Document Request as overly broad, unduly burdensome, and not relevant to any party's claim or defense.  The Request is unlimited in time, does not reference the Trump Dossier or the December Memo, is not otherwise connected to any matter at issue in the lawsuit, and violates Rule 45(d)(1).

Second, Fusion further objects to the Document Request as calling for the production of a document protected by the First Amendment to the United States Constitution, including but not limited to, the rights of Fusion and/or its clients to engage in political activity or political speech, to speak anonymously, to associate freely with others, and to petition the government.

Third, Fusion further objects to the Document Request as calling for the production of information which could lead to the disclosure of the identity of a confidential source, which could endanger that source's physical safety.  Such discovery should not be permitted under Rule 26 and/or Rule 45.

Fourth, Fusion further objects to the Document Request as calling for the production of a document protected by an informant's privilege and by other legal or contractual duties of confidentiality and non-disclosure owed by Fusion to a third party.

**Request 4: All documents concerning Webzilla, Inc.**

**Objections:** Fusion incorporates herein by reference the foregoing General Objections.  Fusion specifically objects to the Request on the following grounds.

First, Fusion objects to the Document Request as overly broad, unduly burdensome, and not relevant to any party's claim or defense.  The Request is unlimited in time, does not

reference the Trump Dossier or the December Memo, is not otherwise connected to any matter at issue in the lawsuit, and violates Rule 45(d)(1).

Second, Fusion further objects to the Document Request as calling for the production of a document protected by the First Amendment to the United States Constitution, including but not limited to, the rights of Fusion and/or its clients to engage in political activity or political speech, to speak anonymously, to associate freely with others, and to petition the government.

Third, Fusion further objects to the Document Request as calling for the production of information which could lead to the disclosure of the identity of a confidential source, which could endanger that source's physical safety.  Such discovery should not be permitted under Rule 26 and/or Rule 45.

Fourth, Fusion further objects to the Document Request as calling for the production of a document protected by an informant's privilege and by other legal or contractual duties of confidentiality and non-disclosure owed by Fusion to a third party.

**Request 5:  All communications between Fusion and Buzzfeed concerning the Dossier.**

**Objections:** Fusion incorporates herein by reference the foregoing General Objections.  Fusion specifically objects to the Request on the following grounds.

First, Fusion objects to this Request as overly broad, unduly burdensome, and seeking discovery not relevant to any party's claim or defense, particularly because the Request is not limited to communications concerning the publication of the December Memo or the Dossier. Further, the Request is unlimited in time.

Second, Fusion further objects to the Document Request as calling for the production of a document protected by the First Amendment to the United States Constitution, including but not

limited to, the rights of Fusion and/or its clients to engage in political activity, political speech, to speak anonymously, to associate freely with others, and to petition the government.

Third, Fusion further objects to this Request as seeking documents or information that could be obtained from Buzzfeed, a party to the litigation, rather than from Fusion, a nonparty.

Subject to, and without waiver of, the foregoing objections, Fusion will produce all communications, if any, between Fusion and Buzzfeed prior to the publication of the Dossier concerning the publication of the Dossier.

**Request 6:  All communications between Fusion and Ben Smith concerning the Dossier.**

**Objections:** Fusion incorporates herein by reference the foregoing General Objections.  Fusion specifically objects to the Request on the following grounds.

First, Fusion objects to this Request as overly broad, unduly burdensome, and seeking discovery not relevant to any party's claim or defense, particularly because the Request is not limited to communications concerning the publication of the December Memo or the Dossier. Further, the Request is unlimited in time.

Second, Fusion further objects to the Document Request as calling for the production of a document protected by the First Amendment to the United States Constitution, including but not limited to, the rights of Fusion and/or its clients to engage in political activity, political speech, to speak anonymously, to associate freely with others, and to petition the government.

Third, Fusion further objects to this Request as seeking documents or information that could be obtained from Ben Smith, a party to the litigation, rather than from Fusion, a nonparty.

Subject to, and without waiver of, the foregoing objections, Fusion will produce all communications, if any, between Fusion and Ben Smith prior to the publication of the Dossier concerning the publication of the Dossier.

**Request 7:  All documents reflecting or relating to the sources of information concerning Aleksej Gubarev.**

**Objections:** Fusion incorporates herein by reference the foregoing General Objections.  Fusion specifically objects to the Request on the following grounds.

First, Fusion objects to the Document Request as overly broad, unduly burdensome, and seeking discovery not relevant to any party's claim or defense.  The Request is unlimited in time, does not reference the Trump Dossier or the December Memo, is not otherwise connected to any matter at issue in the lawsuit, and violates Rule 45(d)(1).

Second, Fusion further objects to the Document Request as calling for the production of information which could lead to the disclosure of the identity of a confidential source, which could endanger that source's physical safety.  Such discovery should not be permitted under Rule 26 and/or Rule 45.

Third, Fusion further objects to the Document Request as calling for the production of documents protected by the First Amendment to the United States Constitution, including but not limited to, the rights of Fusion and/or its clients to engage in political activity or political speech, to speak anonymously, to associate freely with others, and to petition the government.

Fourth, Fusion further objects to the Document Request as calling for the production of documents protected by an informant's privilege and by other legal or contractual duties of confidentiality and non-disclosure owed by Fusion to a third party.

**Request 8:  All documents reflecting or relating to the sources of information concerning XBT Holdings, Inc.**

**Objections:** Fusion incorporates herein by reference the foregoing General Objections.  Fusion specifically objects to the Request on the following grounds.

<u>First</u>, Fusion objects to the Document Request as overly broad, unduly burdensome, and seeking discovery not relevant to any party's claim or defense.  The Request is unlimited in time, does not reference the Trump Dossier or the December Memo, is not otherwise connected to any matter at issue in the lawsuit, and violates Rule 45(d)(1).

<u>Second</u>, Fusion further objects to the Document Request as calling for the production of information which could lead to the disclosure of the identity of a confidential source, which could endanger that source's physical safety.  Such discovery should not be permitted under Rule 26 and/or Rule 45.

<u>Third</u>, Fusion further objects to the Document Request as calling for the production of documents protected by the First Amendment to the United States Constitution, including but not limited to, the rights of Fusion and/or its clients to engage in political activity or political speech, to speak anonymously, to associate freely with others, and to petition the government.

<u>Fourth</u>, Fusion further objects to the Document Request as calling for the production of documents protected by an informant's privilege and by other legal or contractual duties of confidentiality and non-disclosure owed by Fusion to a third party.

**Request 9:  All documents reflecting or relating to the sources of information concerning Webzilla, Inc.**

**Objections:** Fusion incorporates herein by reference the foregoing General Objections.  Fusion specifically objects to the Request on the following grounds.

<u>First</u>, Fusion objects to the Document Request as overly broad, unduly burdensome, and seeking discovery not relevant to any party's claim or defense.  The Request is unlimited in time, does not reference the Trump Dossier or the December Memo, is not otherwise connected to any matter at issue in the lawsuit, and violates Rule 45(d)(1).

Second, Fusion further objects to the Document Request as calling for the production of information which could lead to the disclosure of the identity of a confidential source, which could endanger that source's physical safety.  Such discovery should not be permitted under Rule 26 and/or Rule 45.

Third, Fusion further objects to the Document Request as calling for the production of documents protected by the First Amendment to the United States Constitution, including but not limited to, the rights of Fusion and/or its clients to engage in political activity or political speech, to speak anonymously, to associate freely with others, and to petition the government.

Fourth, Fusion further objects to the Document Request as calling for the production of documents protected by an informant's privilege and by other legal or contractual duties of confidentiality and non-disclosure owed by Fusion to a third party.

**Request 10:  All communications with Christopher Steele concerning the December Memo.**

**Objections:** Fusion incorporates herein by reference the foregoing General Objections.  Fusion specifically objects to the Request on the following grounds.

First, Fusion objects to the Document Request as seeking discovery not relevant to any party's claim or defense.  Such communications are not relevant to Plaintiffs' claim.

Second, Fusion further objects to the Document Request as calling for the production of documents protected by the First Amendment to the United States Constitution, including but not limited to, the rights of Fusion and/or its clients to engage in political activity or political speech, to speak anonymously, to associate freely with others, and to petition the government.

Third, Fusion further objects to the Document Request as calling for the production of documents protected by an informant's privilege and by other legal or contractual duties of confidentiality and non-disclosure owed by Fusion to a third party.

Fourth, Fusion further objects to the Document Request as calling for the production of information which could lead to the disclosure of the identity of a confidential source, which could endanger that source's physical safety.  Such discovery should not be permitted under Rule 26 and/or Rule 45.

**Request 11:  All documents concerning the provision of the Dossier and/or the December Memo to third parties.**

**Objections:** Fusion incorporates herein by reference the foregoing General Objections.  Fusion specifically objects to the Request on the following grounds.

First, Fusion objects to the Document Request as overly broad, unduly burdensome, and seeking discovery not relevant to any party's claim or defense.  First, the Dossier, as defined, concerns matters unrelated to Plaintiffs.  Additionally, no third party other than Buzzfeed and its Editor-in-Chief are Defendants in this action and, accordingly, documents concerning the provision of the Dossier and/or the December Memo to any third party other than Buzzfeed or its Editor-in-Chief are not relevant to Plaintiffs' claim.  Third, the Request is not limited in time.

Second, Fusion further objects to the Document Request as calling for the production of documents protected by the First Amendment to the United States Constitution, including but not limited to, the rights of Fusion and/or its clients to engage in political activity, political speech, to speak anonymously, to associate freely with others, and to petition the government.

Third, Fusion further objects to the Document Request as calling for the production of documents protected by an informant's privilege and by other legal or contractual duties of confidentiality and non-disclosure owed by Fusion to a third party.

Fourth, Fusion further objects to this Request to the extent that it seeks documents or information that could be obtained from parties to the litigation, rather than from Fusion, a nonparty.

11

Subject to, and without waiver of, the foregoing objections, Fusion will produce all documents, if any, concerning the provision of the Dossier and/or the December Memo to Buzzfeed prior to the publication of the Dossier.

Respectfully submitted,

/s/ Steven Salky
William W. Taylor, III
Steven M. Salky
Rachel F. Cotton
ZUCKERMAN SPAEDER LLP
1800 M Street, NW, Suite 1000
Washington, DC  20036
Tel:  (202) 778-1800
Fax:  (202) 822-8106
wtaylor@zuckerman.com
ssalky@zuckerman.com
rcotton@zuckerman.com

*Counsel for Non-Party Fusion GPS*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of August, 2017, the foregoing was served on Evan Fray-Witzer via electronic mail.

/s/ Steven M. Salky
Steven M. Salky