UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| *In Re* **Third Party Subpoena to Fusion GPS**<br>**c/o Zuckerman Spaeder LLP**<br>**1800 M Street, NW**<br>**Washington, DC 20036** | Case No. 1:17-mc-02171 |
| **Aleksej Gurbarev, XBT Holding S.A., and Webzilla, Inc.,**<br>    Plaintiffs,<br>v.<br>**Buzzfeed, Inc. and Ben Smith,**<br>    Defendants. | Case No. 17-cv-60426 |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO NON-PARTY FUSION GPS'S MOTION FOR JUDICIAL RECUSAL

Aleksej Gurbarev, XBT Holding S.A., and Webzilla, Inc., ("Plaintiffs") by counsel, respectfully oppose Fusion GPS's Motion for Judicial Recusal (ECF-, stating as follows:

Fusion GPS would like to avoid (or delay) producing documents and sitting for its properly-noticed deposition and it will – apparently – say or do anything to achieve that goal. Fusion GPS clearly has taken to heart the old adage that "delay is better than disaster." Admittedly, to date, its strategy of "delay, delay, delay" has worked until now - Fusion GPS has managed for six months to avoid producing documents and sitting for its deposition, as the

1

discovery clock ticks down in the action pending in the Southern District of Florida.[1]

Now, in an attempt to further obtain futher delay, Fusion GPS now has filed a patently absurd Motion for Judicial Recusal which reads more like a game of "Six-Degrees-of-Kevin-Bacon" than a legal brief. Apparently, Fusion believes that this Court cannot fairly decide a Motion to Quash a subpoena, because the Court, at one time, worked for a law firm that provided services to individuals who are unconnected to this case, but who, in a separate action, have brought claims against the deponent, who is not a party to the underlying litigation. According to Fusion GPS, this Court cannot possibly fairly decide whether Fusion GPS needs to sit for its deposition because (deep breath and drum roll), if Fusion GPS has to produce documents and sit for its deposition, the evidence adduced *might* give or could, conceivably, be helpful to different litigants in a different case involving (entirely) different parties and lawyers. The reality, of course, is that, given the amount of litigation related in one way or another to the conduct and work product of Fusion GPS and its contractors, it is highly unlikely that Fusion GPS will not at some point be compelled in some proceeding to provide much, if not all, of the evidence and testimony that it seeks to avoid providing in the instant proceeding.

What Fusion GPS does not argue in its motion is that there is any suggestion of bias or a lack of impartiality on the part of the Court, as it pertains to *this* matter. Because Fusion GPS has not – and cannot -- meet the high bar required for a recusal motion, the Court should deny Fusion GPS's Motion. Additionally, because Plaintiffs have been required to wait long enough for a resolution of Fusion GPS 's Motion to Quash, Plaintiffs respectfully request that this Court rule on that motion now, without the need for oral argument and without and more delay. Delay has been Fusion GPS's goal and its friend, and this delay game has got to end.

---

[1] Discovery in the underlying action is currently scheduled to conclude on March 15, 2018.

## ARGUMENT

### I. Standard of Review

Section 455(a) provides that "[a]ny justice, judge or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 445(a). "[W]hat matters is not the reality of bias or prejudice but its appearance." *Likety v. United States*, 510 U.S. 540, 548 (1994). It is well-established that the existence of a ground warranting recusal under 28 U.S.C. § 445(a) is to be determined by an objective standard. *Cotton v. WMATA*, 264 F. Supp. 2d 39, 41 (D.D.C. 2003). Thus, when applying § 455(a), courts must ask "whether a reasonable and informed observer would question the judge's impartiality." *United States v. Microsoft*, 253 F.3d 34, 114 (D.C. Cir. 2001). "This standard assumes that a reasonable person knows and understands all the relevant facts." *Cobell v. Norton*, 237 F. Supp. 2d 71, 99 (D.D.C. 2003) (internal quotations omitted).

Importantly, courts have emphasized that, as a means of deterring unhappy litigants from abusing the recusal statute, "a judge has as much an obligation *not* to recuse himself where there is no reason to do so as he does to recuse himself when proper." *S.E.C. v. Blizerian*, 729 F. Supp. 2d 19, 22 (D.D.C. 2010) (emphasis in original).

The Court has broad discretion in considering the motion and must begin its analysis of the allegations with a presumption against disqualification. *Cotton*, *supra* 264 F. Supp. 2d at 42, *citing Holmes v. NBC/GE*, 925 F. Supp. 198, 201 (S.D.N.Y. 1996) ("There is a presumption of judicial impartiality . . . and the burden the movant must carry to overcome the presumption is 'substantial.'"). Significantly, to sustain its burden and compel recusal under Section 455(a), the moving party must demonstrate this Court's reliance on an "extrajudicial source" that creates the appearance of partiality or, in rare cases, where no extrajudicial source is involved the movant

must show a "deep seated favoritism or antagonism that would make fair judgment impossible." *Likety*, 510 U.S. at 548; *see also Tripp v. Executive Office of the President*, 104 F. Supp. 2d 30, 34 (D.D.C. 2000).

## II. Fusion GPS's Allegations are Legally Insufficient to Warrant Recusal

### A. The Court's Representation of VimpelCom Ltd.

Fusion FPS's contention that the Court's representation of VimpelCom Ltd. in an FCPA investigation requires the Court's recusal lacks merit under 28 U.S.C. § 455(a). Any potential connection between the Court's representation of VimpelCom and the limited discovery matter presently before the Court is simply too attenuated to create an appearance of impropriety under 28 U.S.C. § 455(a). Fusion contends that the Court must recuse itself because, while in private practice with Baker & McKenzie LLP, the Court represented an entity in which Mikhail Fridman was one of several directors. Importantly, Mikail Fridman is not a part of the subject litigation. Mr. Fridman has brought a separate and distinct lawsuit against Fusion GPS (not a party in the underlying case here) alleging that Fusion defamed him and his business, the Alfa Group. *See* Am. Compl, by virtue of its connection to the Steele Dossier. *Fridman v. Bean LLC*, Case No. 1:17-cv-02041-RJL (D.D.C. Dec. 12, 2017), ECF No. 17. Plaintiffs in the motion to quash before the Court are not in any way affiliated with the Fridman Plaintiffs or the Alfa Group, the undersigned are not in contact with the Fridman Plaintiffs' attorneys, and, contrary to Fusion's assertion, the parties' objectives are not aligned, as Fusion GPS is not a party to the Plaintiffs' underlying lawsuit.[2]

---

[2] As Fusion GPS is well-aware, there is also a protective order in place in the underlying litigation. Fusion GPS is free to designate some or all of its produced documents and deposition testimony as "Confidential," subject, of course, to review by the Court if such designation is challenged.

Even assuming, *arguendo*, that all of Fusion GPS's allegations are true, the Court's representation of VimpelCom bears no relationship to the matter presently before the Court. Fusion GPS attempts to connect the FCPA investigation by citing a reference to "persistent allegations of fraud, corruption, and other misconduct" levied against the *Fridman* Plaintiffs in its Motion to Dismiss the lawsuit filed by the Fridman Plaintiffs.  *See,* Mot. For Judicial Recusal, Case No. 1:17-mc-02171, ECF No.15.

However, the relief sought by Plaintiffs in this proceeding is simply for the Court to enforce the third-party subpoena it served on Fusion GPS in August of 2017.  No matter how many "degrees of separation" one resorts to, there are simply no lines connecting the underlying litigation (or the Plaintiffs' simple attempt to obtain documents and to take a third-party deposition in that litigation) to the Court's alleged connection to a law firm that once represented a client who may (now) be interested in information that might come from that deposition.

**B.  The Court's work on the Trump Transition**

Even more ludicrous, is Fusion GPS's attempt to derive an appearance of impropriety from the Court's work on the Trump Transition.  Contrary to Fusion GPS's claims, the underlying lawsuit is simply not related to the President of the United States.  The underlying case is limited to the question of whether Buzzfeed and its editor, Ben Smith, defamed the Plaintiffs (none of whom have any connection to the President) by publishing the Steele Dossier prepared at the behest of Fusion GPS.  If Fusion GPS's motion were to be taken seriously (and it is hard to imagine how it could be), this Court would be precluded from sitting on any case with even the most tenuous connection to the present administration.

This is not how recusal works and Fusion GPS should not be rewarded for its transparent attempt to delay further sitting for its compliance with a subpoena.

## Conclusion

Based on the forgoing, Fusion GPS has failed to sustain its burden to compel recusal under Section 455(a).  A reasonable person understanding the relevant facts, could not possibly question the Court's impartiality.  For the reasons stated hereinabove, Fusion GPS's Motion should be denied and, additionally, Fusion GPS should be ordered to immediately comply with the subpoena and appear for its deposition.

Dated: February 6, 2018                          Respectfully submitted,

/s Walter E. Diercks
Walter E. Diercks, Esq. (D.C. Bar # 161610)
RUBIN, WINSTON, DIERCKS, HARRIS &
      COOKE, LLP
1201 Connecticut Avenue, N.W., Suite 200
Washington, D.C. 20036
(202) 861-0870
wdiercks@rwdhc.com


Evan Fray-Witzer (Mass. Bar No. 564349), pro hac vice
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
(617) 426-0000
Evan@CFWLegal.com

Attorneys for Aleksej Gurbarev, XBT Holding S.A., and Webzilla, Inc.

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 6, 2018 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

                                                s/Walter E. Diercks
                                                Walter E. Diercks

Service List:

William W. Taylor, III (DC Bar No. 84194)
Steven M. Salky (DC Bar No. 360175)
Rachel F. Cotton (DC Bar No. 997132)
ZUCKERMAN SPAEDER LLP
1800 M Street, NW, Suite 1000
Washington, DC 20036

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
*In Re Third Party Subpoena to Fusion GPS*          )
**c/o Zuckerman Spaeder LLP**                       )
**1800 M Street, NW**                               )
**Washington, DC 20036**                            )
                                                    )   **Case No. 1:17-mc-02171-TNM**
                                                    )
_____)
_____
                                                    )
*Aleksej Gurbarev, XBT Holding S.A., and*           )
*Webzilla, Inc.*,                                   )
       **Plaintiffs,**          )
                                                    )
       v.                       )   **Case No. 17-dv-60426-UU**
                                                    )
*Buzzfeed, Inc.* and *Ben Smith*,                   )
                                                    )
       **Defendants.**          )
_____)

## PROPOSED ORDER

Before the Court is the Fusion GPS's Motion for Judicial Recusal (ECF-15). The Court having reviewed the Motion, the documents attached to the Motion, the Opposition thereto (ECF-17) and the related pleadings,

**IT IS HEREBY ORDERED** that Motion for Judicial Recusal is denied.

**SO ORDERED.**

 

_____
Trevor N. McFadden
United States District Judge

Copies via ECF to:

Walter E. Diercks, Esq.
RUBIN, WINSTON, DIERCKS, HARRIS & COOKE, LLP
1201 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20036


William W. Taylor, III, Esq.
Steven M. Salky, Esq.
Rachel F. Cotton, Esq.
ZUCKERMAN SPAEDER LLP
1800 M Street, NW, Suite 1000
Washington, DC 20036