**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| *In Re* Third Party Subpoena to Fusion GPS<br><br>c/o Zuckerman Spaeder LLP<br>1800 M Street, N.W.<br>Washington, D.C. 20036<br><br><br>Aleksej Gubarev, XBT Holding S.A., and Webzilla, Inc.,<br>                Plaintiffs,<br>                v.<br>Buzzfeed, Inc. and Ben Smith,<br>                Defendants. | Misc. Case No. 1:17-mc-02171<br><br><br><br><br>Case No. 17-cv-60426 |

**REPLY IN SUPPORT OF FUSION GPS'S MOTION FOR JUDICIAL RECUSAL**

For all of Plaintiffs' clichés, mixed metaphors, and loose rhetoric, their opposition to Fusion's motion for judicial recusal misses the point. The question posed by the motion is not whether the Court is actually biased or "cannot fairly decide" Fusion's motion to quash, *see* Pl.'s Opp'n at 2, but instead whether the Court's impartiality "might reasonably be questioned" in its consideration of the motion. 28 U.S.C. § 455(a). Plaintiffs resort to Kevin Bacon references because they cannot (and do not) deny that Mikhail Fridman—the Court's recent former client— has a significant interest in the outcome of Fusion's motion to quash. That interest raises reasonable questions about the appearance of the Court's impartiality, particularly when combined with the fact that the Court's recent former employer, President Donald Trump, also has an interest in the outcome of the motion. Under these circumstances, the Court should recuse

itself, not because it is actually biased, but because its impartiality does not satisfy the standard imposed by 28 U.S.C. § 455(a).

## I. The Court's Recent Representation of Mikhail Fridman and Recent Work for President Trump Create an Appearance of Impartiality in This Case.

In arguing that the Court need not recuse itself, Plaintiffs misconstrue the legal question and try to focus the Court's attention on the "underlying litigation" against BuzzFeed rather than on the third-party subpoena matter that is actually before the Court. *See* Pl.'s Opp'n at 2, 4, 5. For example, they claim that "there are simply no lines connecting the underlying litigation . . . to the Court's alleged connection to a law firm that once represented a client [Mr. Fridman] who may (now) be interested in the information that might come from that deposition." *Id.* at 5.[1] But the question of judicial recusal posed here does not turn on "the underlying litigation" or whether any "lines" connect the Court to that "underlying litigation." The controlling question is whether the Court's impartiality might reasonably be questioned in ruling on the matter that is actually before the Court—Fusion's motion to quash. *See* 28 U.S.C. § 455(a). Mr. Fridman, the Court's recent client, has an acute interest in how the Court rules on Fusion's motion. That interest is sufficient grounds to reasonably question the Court's impartiality in ruling on Fusion's motion to quash.

Mr. Fridman's interest in the Court ruling against Fusion is two-fold. First, Fusion will assert a variety of First Amendment privileges in its defense of Mr. Fridman's defamation case, many of which it has also asserted in its motion to quash the subpoena in this case. Thus, a court ruling denying any of Fusion's First Amendment privileges to resist the subpoena in this case

---

[1] By referencing "the Court's alleged connection to a law firm that once represented" Mr. Fridman, Pl.'s Opp'n at 5, Plaintiffs also appear to be trying to attenuate the Court's relationship to Mr. Fridman. Fusion's argument for recusal is not merely that the Court's former law firm represented Mr. Fridman; it is that *the Court itself* represented Mr. Fridman, *less than two years ago*. *See* Pl.'s Mot. for Judicial Recusal at 9 & n.17 (arguing that judges should abide by at least a two-year recusal period where a former client's interests are implicated).

will aid the Court's recent former client.  Second, the (over)broad discovery sought by the Gubarev Plaintiffs' subpoena extends well beyond the single sentence in the Dossier that forms the basis for the Gubarev Plaintiffs' defamation claim against BuzzFeed.  Instead, the subpoena is directed broadly at Fusion's work related to the Dossier as a whole, including the memorandum in the Dossier that forms the basis of the Fridman Plaintiffs' defamation lawsuit against Fusion.  *See* Fusion's Mot. for Judicial Recusal at 4-5 (listing subpoena topics relevant to Mr. Fridman's lawsuit).  Thus, Mr. Fridman is acutely interested in any discovery that the Gubarev Plaintiffs are able to obtain from Fusion regarding the Dossier.  Given Mr. Fridman's significant interests in the outcome of the Court's ruling, a reasonable person might question the impartiality of a judge who recently represented Mr. Fridman, thereby compelling recusal under 28 U.S.C. § 455(a).

The seminal opinion on judicial recusal pursuant to 28 U.S.C. § 455(a) supports Fusion's motion.  In *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847 (1988), the U.S. Supreme Court held that a district judge violated 28 U.S.C. § 455(a) by failing to disqualify himself where a university for which he served as a trustee, Loyola University, had an active interest in the outcome of a lawsuit over the ownership of a hospital corporation.  Notwithstanding the finding that the district judge was not actually conscious of the circumstances that created the appearance of partiality, the Supreme Court ruled that the judge's recusal was required under 28 U.S.C. § 455(a) because of his association with non-party Loyola.  *Id.* at 861.  The same is true in this case, where the Court's recent association with a third party, Mr. Fridman, who has a material interest in the outcome of Fusion's motion to quash, calls into reasonable question the Court's impartiality.  *See also Preston v. United States*, 923 F.2d 731,

735 (9th Cir. 1991) (holding that judge should have recused where the judge's former law firm represented a third party with an interest in the outcome of the case).

The fact that the Court also recently worked for President Trump's transition further confirms that recusal is necessary. President Trump has—from the time that the Court worked for his transition until the present—engaged in a sustained and public campaign to attack and discredit Fusion and its work on the Dossier.[2]  Thus, President Trump's interests are also aligned with allowing the Gubarev Plaintiffs to take discovery regarding Fusion's work on the Dossier— discovery that Fusion argues is unwarranted under both the First Amendment and the Federal Rules of Civil Procedure. With both Mr. Fridman and President Trump possessing strong interests in the outcome of Fusion's motion to quash, the Court's prior relationships with each create an appearance of bias.

## II.     This Motion Is Meritorious and Not Brought for Reasons of Delay.

Rather than engaging in legal argument on the merits of Fusion's recusal motion, Plaintiffs assert without factual basis that Fusion is playing a "delay game." Pl.'s Opp'n at 2. That assertion is unfounded and untrue. Besides legitimately seeking to quash Plaintiffs' overbroad and burdensome third-party subpoena, Fusion has done nothing to cause any delays. As the docket in this case demonstrates, Fusion and Plaintiffs have each requested only modest extensions of time associated with the briefing of Fusion's motion to quash. To the extent there has been any delay, it is attributable to the prior Court not taking action on the motion between

---

[2] Just last week, President Trump tweeted twice more about the Dossier. First, on February 8, he tweeted: "Wow! - Senator Mark Warner got caught having extensive contact with a lobbyist for a Russian oligarch. Warner did not want a 'paper trail' on a 'private' meeting (in London) he requested with Steele of fraudulent Dossier fame. All tied into Crooked Hillary." *See* Donald J. Trump, @realDonaldTrump, *Twitter* (Feb. 8, 2018, 7:22 PM), https://twitter.com/realDonaldTrump/status/961802557646569475.  Two days later, President Trump tweeted a quote from Tom Fitton of Judicial Watch on Fox News: "My view is that not only has Trump been vindicated in the last several weeks about the mishandling of the Dossier and the lies about the Clinton/DNC Dossier, it shows that he's been victimized. . . ." *See* Donald J. Trump, @realDonaldTrump, *Twitter* (Feb. 10, 2018, 10:16 AM), https://twitter.com/realDonaldTrump/status/962389786328797184.

October 10, 2017, when the motion was fully briefed, and December 11, 2017, when she recused herself.

The instant motion for recusal was not made for the purpose of delay, but rather out of well-grounded concern about an appearance of impartiality. Indeed, upon the recusal of the Honorable Tanya S. Chutkan, the case was reassigned to the Honorable Trevor McFadden on December 11, 2017. Immediately after the holidays, on January 3, 2018, Fusion promptly sent a letter to the Court setting out its legal arguments and respectfully requesting the Court to consider whether its recusal from the case was required. The Court then ordered a briefing schedule on this motion.

In short, Fusion has done nothing besides file *bona fide* motions to quash and for judicial recusal in a prompt and appropriate fashion. Plaintiffs' allegations to the contrary are merely a self-serving attempt to rush the Court, if it does not recuse, into ruling on Fusion's motion to quash without a complete record. In its motion to quash, Fusion argued that Plaintiffs' subpoena imposed an undue burden on Fusion in violation of Federal Rule of Civil Procedure 45. In assessing whether a burden on a third-party is undue, courts are required to consider such factors as whether the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or if the discovery is not "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(2)(C)(i), (iii). Plaintiffs have been taking discovery for many months since Fusion's motion was filed in August 2017. The Court (and Fusion) are entitled to know whether any of this discovery renders the document production and/or testimony sought from Fusion to be "cumulative or duplicative" or already "obtained from some other source." Fed. R. Civ. P. 26(b)(2)(C)(i). Accordingly,

ruling on Fusion's motion to quash without the opportunity to hear from the parties further on the motion to quash would be inappropriate.[3]

### III. Conclusion

For the foregoing reasons, Fusion respectfully requests the Court recuse itself from this case pursuant to 28 U.S.C. § 455(a).

Dated:  February 13, 2018                    Respectfully submitted,

*/s/ William W. Taylor, III*
William W. Taylor, III (DC Bar No. 84194)
Steven M. Salky (DC Bar No. 360175)
Rachel F. Cotton (DC Bar No. 997132)
**ZUCKERMAN SPAEDER LLP**
1800 M Street, NW, Suite 1000
Washington, DC 20036
Tel: (202) 778-1800
Fax: (202) 822-8106
wtaylor@zuckerman.com
ssalky@zuckerman.com
rcotton@zuckerman.com

*Attorneys for Non-Party Fusion GPS*

---

[3] Once the Court rules on Fusion's motion for judicial recusal, the necessary supplementation of the record need not consume a substantial amount of time, as the parties can promptly address the factual discovery that has been taken and the burden and expense to Fusion posed by the Gubarev Plaintiffs' currently outstanding demands for documents and deposition subjects.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of February 2018, the foregoing was served on all counsel of record via CM/ECF.

*/s/ Rachel F. Cotton*
Rachel F. Cotton